COMMONWEALTH *vs.* DANIEL GOODNOW.

Suffolk. Nov. 20, 1874. — Jan. 6, 1875. AMES & DEVENS, JJ., absent.

The ordinance of the city of Boston, passed September 30, 1850, and included in the revision of 1869, prohibiting all projections of bay windows into the street, is not inconsistent with the St. of 1799, *c.* 31, by which only bay windows projecting more than one foot are prohibited; and is a valid exercise of the powers conferred on all cities in the Commonwealth by the St. of 1848, *c.* 278, and the Gen. Sts. *c.* 19, § 13, and upon the city of Boston by the St. of 1854, *c.* 448, § 35.

COMPLAINT to the Municipal Court of the city of Boston, alleging that the defendant, on February 3, 1874, "at Boston aforesaid, and within the judicial district of said court, with force and arms, in a certain building there situate, and bordering on West Brookline Street, the same being a public street of said city, did cause to be constructed a certain window, which said window did then and there project into said street, against the peace of said Commonwealth, the form of the statute of said Commonwealth and by-laws of said city, in such case made and provided."

At the trial in the Superior Court, on appeal, before *Putnam*, J., the facts as alleged in the complaint were admitted, and the defendant contended that the by-law of the city of Boston was void as against the statute; and that the facts alleged and ad-

mitted constituted no offence against the laws of the Common wealth.

The judge ruled otherwise for the purpose of the trial, directed a verdict of guilty, which was returned accordingly, and reported the case, at the request of the defendant, for the determination of this court. The defendant also moved in arrest of judgment, which motion the judge overruled; and to this ruling the defendant alleged exceptions.

*A. A. Ranney*, for the defendant.

*J. L. Stackpole*, for the Commonwealth.

ENDICOTT, J. In 1799, an act was passed prohibiting any person from erecting or maintaining a bow window which shall project into the streets of the town of Boston more than one foot beyond the front of his house; and a penalty was attached of one dollar for each day such bow window shall be continued after notice from the proper authorities. 2 Mass. Spec. Laws, 340.

By the St. of 1848, *c.* 278, cities were empowered to make such rules and regulations for the erection and maintenance of balustrades and other projections upon the roofs and sides of buildings as the safety of the public requires, with a penalty not exceeding twenty dollars for each offence. See Gen. Sts. *c.* 19, § 13. By the St. of 1854, *c.* 448, the city charter of Boston was revised, and by § 35 authority was given to make all needful and salutary by-laws and ordinances not inconsistent with the laws of the Commonwealth, as towns and cities have authority to make and to annex penalties not exceeding fifty dollars for the breach thereof. By the Revised Ordinances of the city of Boston, 1869, p. 631, all persons are prohibited from constructing any window which shall project into any street, under a penalty of not less than four nor more than fifty dollars, and a like penalty for every day such window may be continued after notice.

The complaint alleges that the defendant caused to be constructed a window, which projected into West Brookline Street, but makes no charge of maintaining after notice. The facts alleged are admitted by the defendant, but he contends that the ordinance is void, because inconsistent with the St. of 1799, under which such window may project one foot. The ordinance, so far as this offence is concerned, is clearly within the power conferred upon cities by the St. of 1848, *c.* 278. Gen. Sts. *c.* 19,

§ 13.  And the question is, whether the city of Boston is re-
stricted in its powers, under that statute and the provisions of its
revised charter, by the St. of 1799; which, it is contended, allows
by implication bow windows to project one foot into the street.

The St. of 1799 gave no authority to the town of Boston to
make any by-laws on the subject; it was a law of the Common-
wealth, local in its operation and acting directly upon the subject
matter and the persons violating its provisions.  By the St. of
1848, c. 278, this same subject matter is put within the power
and jurisdiction of cities, and they may assume such jurisdiction
by making appropriate rules and regulations upon the subject,
such as the safety of the public in each city may require.  It is
a general law, which it is to be presumed the public necessity re-
quired, and which applies to Boston as well as other cities, espe-
cially when considered in connection with the powers conferred in
§ 35 of the revised charter, passed in 1854.  If Boston had passed
no ordinance on the subject, the St. of 1799 would be the only
law in force ; but having passed an ordinance, regulating and
prohibiting all projections of this description, even when they
extend less than one foot into the street, we are of opinion that
such ordinance is valid, and in no proper sense inconsistent with
the St. of 1799.                         *Judgment on the verdict.*