## NATHANIEL CUSHING *vs.* CITY OF BOSTON.

Suffolk. Nov. 24, 1876. — Mar. 2, 1877. AMES & ENDICOTT, JJ., absent.

The St. of 1824, *c.* 16, providing that door-steps shall not project into a street of Charlestown for more than a given distance, is constitutional, and steps erected within that distance do not, in the absence of an ordinance of the city regulating such projections under the Gen. Sts. *c.* 19, § 13, constitute a defect in the highway for which the city is liable.

TORT for personal injuries caused by an alleged defect in Bartlett Street in that part of Boston, formerly Charlestown. Writ dated June 24, 1875.

At the trial in the Superior Court, before *Gardner*, J., it appeared that the plaintiff, in the evening of November 5, 1872, was walking along the sidewalk of Bartlett Street, and when opposite the Bunker Hill Market, came in contact with the steps leading up into the market building from the sidewalk and fell, and was injured.   Bartlett Street at this point was thirty-nine and two tenths feet wide, including the sidewalks, and the sidewalk was six feet and eight inches wide.   The steps (which were constructed when the market was built in 1844, and were in good repair) projected into the sidewalk two feet and two inches, leaving the width of the sidewalk, from the steps to the roadway, four feet and six inches.

The defendant requested the judge to rule that the plaintiff could not recover ; and that by the St. of 1824, *c.* 16, providing, " that no canopy, balcony, portico or door-steps, hereafter erected in any street, lane or alley in the town of Charlestown, shall project into such street, lane or alley more than one twelfth part of the width thereof, and in no case more than three feet," the steps were not such a defect as to make the defendant liable in this action.

The judge declined to make this ruling ; and instructed the jury that, for the purposes of this case, the St. of 1824, *c.* 16, authorizing the extension of steps into the sidewalk, had nothing whatever to do with this case.   The jury returned a verdict for the plaintiff ; and the defendant alleged exceptions.

*C. F. Kittredge*, for the defendant.

*W. Gaston*, ( *C. S. Lincoln* with him,) for the plaintiff.

COLT, J.   The special statute of 1824, *c.* 16, § 3, declares " that no canopy, balcony, portico or door-steps, hereafter erected in any street, lane or alley in the town of Charlestown, shall project into such street, lane or alley more than one twelfth part of the width thereof, and in no case more than three feet."   By the St. 1848, *c.* 278, (Gen. Sts. *c.* 19, § 13,) all cities were empowered to make all rules and regulations for the erection and maintenance of balustrades, and other projections upon the roofs and sides of buildings, as the safety of the public requires.

But no ordinance had been adopted by the city of Charlestown under this statute ; and the St. of 1824, was in force at the time of the injury complained of, which happened in Charlestown before the annexation of that city to Boston.

The only defect in the street, relied on as the cause f the accident, was the door-step, over which the plaintiff fell in the night time, while passing along the sidewalk. It was not contended that the step, as such, was not properly constructed, or that it projected into the sidewalk beyond the limit fixed by the statute.

The defendant contended that under the provisions cited the step was not a defect for which the city was liable; but the jury were told, against the defendant's objection, that the statute authorizing the extension of steps into the sidewalk had nothing whatever to do with the case. This instruction was erroneous. The alleged defect was authorized by the operation of the special statute. Its provisions, although negative in form, plainly imply authority to occupy the street to the extent indicated, and afford justification to an abutter, who may use the privilege. He could not be charged with maintaining a nuisance, and the structure itself would not alone constitute a defect, against which safeguards should be erected, or special care taken to protect travellers. This case is to be distinguished from *Appleton* v. *Nantucket*, 121 Mass. 161. That case depended upon the provisions of the Gen. Sts. *c.* 45, § 6, by which the privilege of constructing sidewalks with posts and curbstones is made subject to the authority of the surveyor of highways, and to the liability of any person for unreasonably obstructing the highway. *Com monwealth* v. *Goodnow*, 117 Mass. 114. *Macomber* v. *Taunton*, 100 Mass. 255. *Cutter* v. *Cambridge*, 6 Allen, 20, 24.

We cannot discover any constitutional objection to the statute, in the construction we give to it. It is urged that as the law provides a remedy in damages where land is taken for highways, from the amount of which, benefits to the remaining estate are to be deducted, it must follow, that any future right given to incumber the streets would deprive the abutter to some extent of the benefit of an unobstructed way, for which he had already been charged. But the future use of public ways must necessarily be subject to modification by legislation. The compensation

and rights of landowners and adjoining proprietors must be presumed to have been adjusted with reference to future changes in such public use. Their convenience may be affected by such changes without impairing any vested right of property in the citizen. A familiar instance of this is afforded in the right given to construct street railways over an existing highway without compensation to the landowner — an instance which also shows that the duty to keep highways in repair may be so modified by law in specified localities that a railway track properly constructed and maintained would not constitute a defect in a highway for which a city or town would be liable. *Hawks* v. *Northampton*, 116 Mass. 420. See also *Chase* v. *Sutton Manufacturing Co.* 4 Cush. 152. *Exceptions sustained.*