## NATHANIEL CUSHING *vs.* CITY OF BOSTON.

Suffolk.    March 12; May 8. — 25, 1878.    COLT & SOULE, JJ., absent.

A ruling against a party, who has a verdict rendered in his favor, is not open on a bill of exceptions alleged by the adverse party, although stated therein.

Under the St. of 1824, c. 16, providing that door-steps shall not project into a street of Charlestown for more than a given distance, steps erected within that distance, in the usual manner, and in good repair, with "treads" projecting beyond the "risers" three fourths of an inch, and without a railing or guard, do not constitute a defect in the highway for which the city is liable.

TORT for personal injuries caused by an alleged defect in Bartlett Street, in that part of Boston formerly Charlestown. Writ dated June 24, 1875. After the former decision, reported 122 Mass. 173, the case was tried in the Superior Court, before

*Putnam*, J., who allowed a bill of exceptions in substance as follows :

It appeared that the plaintiff, at the time the injury was received, was walking along the sidewalk of Bartlett Street, about half past eight o'clock in the evening of Tuesday, November 5, 1872, and, when opposite the Bunker Hill Market, came in contact with, and fell over, the steps leading up into the market building from the sidewalk. Bartlett Street, at this point, is thirty-nine and two tenths feet wide, including the sidewalk, and the sidewalk is six feet eight inches wide ; and the steps (which were constructed when the market was built in 1844) were in good repair, and projected into the sidewalk two feet and two inches, leaving the width of the sidewalk from the steps to the roadway four feet six inches. These steps were two in number, constructed of wood, and were seven and one half inches rise each, the top of the upper step being fourteen and seven eighths inches above the sidewalk, the treads projecting three fourths of an inch beyond the risers in front and at each end, and having no railing or guard. The jury took a view of the premises and examined the steps.

It appeared from the testimony introduced by the plaintiff that he had worked in Charlestown, off and on, about ten years ; that he had passed through Bartlett Street, but usually on the side opposite to these steps ; that, at the time of the accident, he was going home, and was alone ; that it was windy, dark and rainy ; that he kept close to the inside of the sidewalk near the building, as he said, to protect himself from the storm ; that he was looking down and ahead to see the way, and that he could not see the steps ; that the nearest street gaslight was on the same side of the street, attached to the corner of a building, and about forty feet in front of him, but he could not see the gaslight ; that, if it had not been dark, he could have seen the steps well enough, and that in the daytime there was room enough to pass on the sidewalk in front of the steps, and had it not been for the darkness there would have been no difficulty in passing ; that at the time of the accident he had no umbrella, and was walking with his head looking down to see the way, and his hat pulled down ; that he did not remember and did not see the steps, but in some way fell over them and was thrown down

that he thought that, when he fell, he tried to recover himself, and caught his toe in the part of the step projecting over the end.

The plaintiff offered in evidence an ordinance of the city of Charlestown, which was as follows : " No person shall make or maintain any doorstep, portico, porch, entrance or passageway to any cellar or basement, or any other structure projecting into or upon any street or sidewalk in the city, without permission from the mayor and aldermen, except windows, the lowest part of which shall be at least ten feet above the sidewalk." " No person shall place or suspend, or cause to be placed or suspended, from any house, store, shop, lot or place in, upon or over any street or sidewalk, any goods or any other thing, so that the same shall extend or project more than one foot over any street or sidewalk." The judge excluded the evidence as immaterial, even if the ordinance was in force, which the defendant contended was not the case.

The defendant thereupon requested the judge to rule that the plaintiff could not maintain the action ; and that by the St. of 1824, *c.* 16, § 3, providing " that no canopy, balcony, portico or door-steps, hereafter erected in any street, lane or alley in the town of Charlestown, shall project into such street, lane or alley more than one twelfth part of the width thereof, and in no case more than three feet," the steps were not such a defect as to make the defendant liable in this action. The judge declined so to rule, but ruled that by that statute the steps were not in themselves a defect so as to make the defendant liable, and that it was a question for the jury on the evidence, whether the steps were properly constructed so as to make them reasonably safe for public travel in view of all the circumstances of the case. The judge submitted the case to the jury under instructions not otherwise objected to. The jury returned a verdict for the plaintiff in the sum of $2000; and the defendant alleged exceptions to the refusal of the judge to rule as requested, and to the ruling above set forth.

The case was argued in March, 1878, by *C. F. Kittredge,* for the defendant ; and *W. Gaston & C. S. Lincoln,* for the plaintiff ; and in May following additional briefs were submitted by the same counsel.

ENDICOTT, J. The ordinance of the city of Charlestown, offered in evidence at the trial by the plaintiff, and excluded by the court, cannot properly form any part of the defendant's bill of exceptions. Even if the plaintiff excepted to the ruling, which does not appear, he is not aggrieved by the exclusion, as he obtained a verdict in his favor. We cannot therefore consider that portion of the bill, or the arguments addressed to us on that subject, but must treat the questions raised by the defendant's exceptions as if no such proffer had been made by the plaintiff. *Hayden* v. *Stone,* 112 Mass. 346, 352.

When this case was before the court upon exceptions taken at a former trial, it was decided that the steps in question did not constitute a defect in the highway for which the defendant is liable. *Cushing* v. *Boston,* 122 Mass. 173. The St. of 1824, *c.* 16, § 3, authorized the projection of steps into the highway in the town of Charlestown, provided they did not extend more than three feet. Whether the city of Charlestown had authority to pass or did pass an ordinance on this subject is not before us ; the St. of 1824 must therefore be assumed to have been in force at the time of the alleged injury in 1872, and under its provisions the abutter could properly maintain these steps, which projected less than three feet into the highway. *Commonwealth* v. *Goodnow,* 117 Mass. 114. The steps were not a nuisance, and did not constitute an illegal obstruction in the highway.

The facts recited in this bill, in regard to the position, construction and condition of the steps, do not differ materially from those stated in the former bill of exceptions. They were in good repair and did not extend beyond the prescribed limit. It is true the statement made in this bill, that the "treads" of the steps projected beyond the "risers" three fourths of an inch, and that there was no railing or guard, did not in terms appear in the former bill of exceptions, which stated generally that the steps were constructed in the usual manner. But no evidence was offered to show that this slight projection of the "treads" was an improper or unusual method of construction, and it is matter of common knowledge that it is the usual and customary method. Nor was any railing or guard required ; as was stated in the former decision, the steps did not constitute a defect against which safeguards should be erected to protect travellers. *Cushing* v. *Boston,* 122 Mass. 175.

We are therefore of opinion that the presiding judge should have ruled as requested by the defendant.

*Exceptions sustained.*