# WOLF *v.* DISTRICT OF COLUMBIA.

---

STREETS AND SIDEWALKS; CARRIAGE BLOCKS; STREET LIGHTING.

1. *Quære,* what, if any, duty is imposed upon the Commissioners of this District, by Secs. 226 and 229, R. S. D. C., requiring the chief of engineers, in charge of public buildings and grounds, to remove obstructions from such of the streets, avenues, and sidewalks of Washington as have been or may be improved in whole or in part by the United States and to keep them free from obstructions, and imposing a penalty for placing any obstruction thereon.

2. Ordinary carriage blocks or steps, shade trees, lamp posts, water hydrants, awning posts and telegraph and telephone poles, although in a particular sense obstructions, are not such within the meaning of Secs. 226 and 229, R. S. D. C., requiring the streets, avenues, and sidewalks of the city of Washington to be kept free from obstructions, and imposing a penalty for placing obstructions thereon; and when subject to proper regulation are neither public nor private nuisances.

3. A carriage block of ordinary size and placed in the usual position on the sidewalk near the curb dividing the sidewalk and street,

is not an unlawful obstruction of the sidewalk, and where a person is injured in stumbling and falling over such a block at night, and brings an action against the District of Columbia to recover for injuries so received, a verdict is properly directed for the defendant.

4. In an action against the District of Columbia to recover damages by a person injured by stumbling over a carriage block at night, the alleged neglect of the municipality in defectively and insufficiently lighting the street at the time, cannot be inquired into, the sufficiency or insufficiency of the appropriations for lighting the streets, the distribution of lights throughout the city and particular streets, and the character of the lights, not being subjects of judicial inquiry.

No. 1238.  Submitted March 5, 1903.  Decided April 7, 1903.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, on the verdict of a jury directed by the court in an action against the District of Columbia to recover damages for personal injuries.                                      *Affirmed.*

The COURT in the opinion stated the case as follows:

This is an appeal from the Supreme Court of the District of Columbia. The action was brought by the appellant, Abraham Wolff, against the District of Columbia to recover damages suffered by the plaintiff, occasioned, as alleged, by what is contended to be a nuisance or an unlawful obstruction allowed to exist in C street N. W., in the city of Washington, by the defendant, the municipal corporation of the District of Columbia.

The cause of action, as set forth in the amended declaration of the plaintiff, is stated to be that the defendant, as a municipal corporation, was in duty bound to keep the sidewalks of the streets in the city of Washington free from obstructions, nuisances, or incumbrances, so as to be safe for all travelers thereon, including the plaintiff; and the breach of duty of the defendant, as alleged in the declaration, was, that the defendant wrongfully and negligently allowed " a certain large stone, several inches high above the surface of the sidewalk, usually termed a carriage step, to impede travel

and incumber that part of said sidewalk which was opposite to and in front of a certain house known as the Saengerbund Hall, between Third and Four-and-a-half streets on C street northwest," during the night of the 27th day of October, 1895, while said street was enveloped in darkness, without fixing any light or sign at or near said stone, and without placing any watchman or other person to warn plaintiff of its existence, position, and location, and without placing any guard or screen around said stone, by means of which the plaintiff stumbled and tripped against and fell over said stone and was injured, without any neglect on his part, and he claims $25,000 damages.

The defendant pleaded the general issue plea of not guilty, and the case was tried and resulted in a verdict and judgment for the defendant.

There was considerable proof taken at the trial, both as to the occurrence of the accident and as reflecting upon the question of contributory negligence of the plaintiff, assuming that it might be shown that there was negligence on the part of defendant. But in the view that we take of this case, the question of contributory negligence on the part of the plaintiff, in producing the injury complained of, is not an element in the case, and therefore is not a matter for consideration. The carriage block or step over which the plaintiff fell and injured himself is shown to have been of the ordinary size and character, a block of brown stone a little more than two feet long, about fifteen inches wide, and about eight inches high from the surface of the pavement, and occupied a position in or at the curb dividing the street from the sidewalk, immediately in front of the door of the Saengerbund building, No. 312 C street N. W., on the south side thereof; and this block of stone or carriage step had been there from the time the building was erected, many years prior to the time of the accident, and without question by any one. It was similar in size and character to the one set in the curb in front of the adjoining building, No. 314, and which had been used for many years, according to the testimony in the case. The plaintiff, in coming out of the Saengerbund building, by a quick and rapid gait, and intending to go to the

vehicle awaiting him in the street in front of the door of the Saengerbund, stumbled over the carriage block at the curb, and was thrown down, and fractured his leg. He swears that he did not see the carriage block in his way, and that there was not sufficient light to enable him to detect his danger.

At the close of the evidence the court below, being of opinion that there was no case made out for the plaintiff, instructed the jury to render their verdict for the defendant, which was accordingly done, and the plaintiff excepted; and from the judgment the plaintiff has appealed.

The error assigned is, that the court below committed error in directing the verdict for the defendant.

*Mr. D. W. Baker* and *Mr. John C. Gittings* for the appellant:

1. The carriage block in question was an unlawful construction in the street, and it was the clear duty of the District to see that all sidewalks were free from obstructions of every kind and character. Sections 222, 225, 226, 227, 229, Revised Statutes of the District of Columbia. *United States* v. *Cole,* 18 D. C. 504; *Libbey* v. *District of Columbia,* 9 App. D. C. 321; *Curry* v. *District of Columbia,* 14 App. D. C. 423. The duty imposed on the chief of engineers by those sections cannot affect the duty also imposed on the District of Columbia, as a municipal corporation, to enforce all laws, regulations, etc. Section 229, taken in connection with the other sections referred to, clearly makes an obstruction of any kind unlawful. And there being an unlawful obstruction in the streets of a municipal government, of which it has knowledge, it is certainly its duty to cause same to be removed. This is such a well-known and understood principle underlying the obligations of every municipal corporation, that we shall not tire this court by citing authorities *in extenso,* but cite the following, as they seem to be very much in point in the character of obstruction in this case. *City of Scranton* v. *Catterson,* 94 Pa. St. 203; *Davis* v. *City of Austin,* 22 Tex. Civ. App. 460.

2. There can be no contention that the District of Colum-

bia is not liable to the same extent that other municipal corporations are, as this question seems to have been well settled in the following cases: *Barnes* v. *District of Columbia,* 91 U. S. 540; *Woodbury* v. *District of Columbia,* 136 U. S. 450.

3. It will be contended that the language of this court in the case of *Howes* v. *District of Columbia,* 2 App. D. C. 188, has decided the question as to whether or not obstructions of the character of carriage blocks are unlawful; but we respectfully submit that the use of the words " carriage block " by this court in this opinion, is not an adjudication by the court as to the lawfulness of the character of such obstruction, but was simply used in the way of illustration and has no force one way or the other, and could not have, in view of the fact that the court did not have before it the act of Congress which forbids obstructions of this character, and obstructions of all and every kind upon the sidewalks in the District of Columbia; and the case of *Libbey* v. *District of Columbia, supra,* in so far as the reported cases show, was the first time that this court's attention was called to said act of Congress.

4. But if this carriage stone was not a nuisance *per se,* it certainly became a nuisance when it was allowed to remain by the appellee in a place where there was not sufficient light to disclose its existence to lawful pedestrians after nightfall; and the fact that the appellee did not know that the light was insufficient to show the existence of the carriage-block cannot alter the appellee's liability in this case, because the additional duty is imposed upon the District to properly light its streets. Secs. 232 and 233, R. S. D. C.

5. It cannot be contended with any force, it seems to us, that the appellee is not liable for any injury to the appellant by reason of failure to light the carriage block on the ground that it had no notice that the street was insufficiently lighted to disclose the existence of such obstruction, as the evidence in this case shows that the carriage block remained in the same position that it was in at the time of the injury to the appellant, for more than seven years prior to the acci-

dent. And further, the evidence shows that it was very dark at that particular spot where the carriage block was maintained and that other people had fallen over it.

6. All the cases deciding that a carriage step or stone is a lawful object on a sidewalk are based upon the ruling of the Court of Appeals of New York, in the case of *Dubois* v. *Kingston,* 102 N. Y. 219, and by a careful reading of this case it will be seen that the only question before the court was the question of contributory negligence, and so far as the case dealt with the question as to whether or not such an obstruction was a lawful obstruction, it is mere *obiter dictum;* but, although this fact is plain, from a careful reading of the decision, this case is cited by every authority so holding, as being the leading case and is the basis of the ruling of the several courts that have dealt with this question and followed this authority. But if this court should hold that the New York case is good law, it cannot possibly be construed as being applicable to the case at bar, as here the court is confronted with an act of Congress, which makes obstructions of any kind in the public streets unlawful. And in the city of Washington, or rather C street, the fee is vested in the United States, while in New York and other cities in the several States, the fee to the streets are almost universally vested in the owners of the abutting property; and in none of the reported cases which hold that an obstruction of the character of a carriage block is not a nuisance, is there cited any statute which forbids obstructions of any kind or character in the street, similar to the act of Congress, *supra.*

7. All the authorities which hold that it is not incumbent upon a municipal government to light its streets are authorities of State courts, and in no way, it seems to us, can be said to be applicable to this case, as here we are governed by the act of Congress, which imposes the duty upon the appellee to properly light its streets.

*Mr. Andrew B. Duvall,* Corporation Counsel, and *Mr. E. H. Thomas,* Assistant, for the District of Columbia, appellee.

Mr. Chief Justice ALVEY delivered the opinion of the court:

It is contended by the plaintiff that the carriage block in question was an unlawful obstruction of the sidewalk, and consequently a public nuisance, and that being so, it was the plain duty of the municipal authorities of the District to see that all sidewalks were kept free from obstruction of every kind and description; and sections 222, 225, 226, 227, and 229 of the Revised Statutes relating to the District of Columbia are cited and relied on in support of the proposition.

By section 226, Rev. Stat. D. C., it is provided that " It shall be the duty of the chief of engineers, in charge of the public buildings and grounds, to cause obstructions of every kind to be removed from streets, avenues, and sidewalks in the city of Washington, as have been or may be improved in whole or in part by the United States, and keep the same, at all times, free from obstruction." And by section 229 it is provided that " If any person shall place any obstruction on the streets, avenues, or sidewalks so improved by the United States, such person shall pay the cost of removing the same, and shall be subject to a penalty of ten dollars, to be recovered as other debts are recovered in said District, for each and every day the obstruction may remain after the chief of engineers shall have given notice for its removal."

Without stopping to inquire what duty these sections of the Revised Statutes imposed, if any, upon the Commissioners of the District, the question here presented is, whether an ordinary carriage block or step, such as we have in this case, and such as has been in use from time immemorial, as an incident or appurtenant of convenience, if not of necessity, to places of business and residences in cities, constitutes an obstruction within the meaning of the sections of the statute quoted. It is clear, the provisions of the statute do not apply to many things that may, in a sense, be regarded as obstructions to the sidewalks of a city. They certainly do not apply to the shade trees growing along the sidewalks, nor to lamp

posts, water hydrants, awning posts, telegraph or telephone poles, that we find everywhere in the city, along the sidewalks. All these things may be regarded, in a particular sense, as obstructions, but they are not such within the meaning of the statute. They are objects allowed and authorized, by immemorial custom and usage, as being necessary to the health, convenience, protection, and enjoyment of the homes and lives of the inhabitants of the city. Where these objects of convenience and comfort have been subject to proper regulation, as they always are and should be, they have never been regarded as nuisances, either public or private. And in the case of a carriage step or block, it is of such reasonable convenience and such a necessary appurtenant to dwellings and places of business on the streets of a city that the right to maintain it, of a proper size and in a proper position, has seldom been attempted to be questioned. The legal existence of carriage steps or blocks was fully recognized in this city long before the occurrence of the accident, the subject of the present action, and they have been regulated by both the building and police regulations prescribed by municipal authority. Their legal existence has been explicitly recognized by this court in the case of *Howes* v. *District of Columbia*, 2 App. D. C. 188, and that case is in accordance with decisions of the highest authority elsewhere.

In the case of *Dubois* v. *City of Kingston*, 102 N. Y. 219, it was the unanimous opinion of the Court of Appeals of New York, that a stepping-stone in the front of a public building, just inside the curb of the sidewalk, was not such an obstruction as would render a city liable for an injury sustained by a person falling over it, even though others had been previously injured by falling over the step. It appeared that the plaintiff was injured while running to a fire, which appeared to be in the direction of his own house, in the city of Kingston, by falling over a stepping-stone, lying in the sidewalk in one of the streets of the city. The stone was 3 feet 4 inches in length, 20 inches wide, and 14 inches high. It lay lengthwise with the curb and on the side thereof, in front of the building containing the post-office, a

music hall, and several stores. In the opinion, the court said: "Actions against municipal corporations for injuries sustained by individuals while using or passing along its streets are founded upon the ground of negligence of its officers in performance of their official duties, and cannot be maintained without evidence showing that they have been derelict in this respect, by means of which the injury has been sustained. We think there was no such proof upon the trial of this action. The stepping-stone over which the plaintiff fell and was injured was not of unusual size or of an improper construction, nor was it located at an improper place. It was placed in a position on the sidewalk most convenient for persons who should alight from a wagon or carriage or get into the same from the sidewalk, and thus it was a means of accommodation to those who had business at the post-office, or in the building in front of which it was located. It was not any more exposed than was essential for its proper and useful location." And in the conclusion of the opinion it was said: "It would be extending the rule of the liability of municipal corporations far greater than has yet been done in any decided case, to hold that they are liable for assenting to the placing of stepping-stones on the edge of sidewalks in front of hotels, stores, public buildings, and private residences. The courts have gone quite far in holding such corporations to a very strict responsibility in reference to accidents caused by a failure of their officers to keep the streets and sidewalks in a proper and safe condition, but it would be adding to the corporate liability beyond reasonable limits to hold that stepping-stones, which are almost a necessity in providing for the interest, comfort, and convenience of the public in the maintenance of walks, avenues, and streets, constitute a nuisance or obstruction, and that municipal corporations are liable for damages by reason of accidents caused thereby."

In the more recent case of *Robert* v. *Powell,* 168 N. Y. 411, the same principle is very fully laid down. In this latter case the action was brought against the owner of the dwelling in front of which the carriage block was placed.

It was held by the unanimous opinion of the court, that the block being of an ordinary size, and placed in the usual position at the curb, was not an unlawful obstruction of the sidewalk, and the plaintiff could not recover for injuries received by stumbling over the step. In that case, on the night of the accident, the plaintiff, while walking rapidly on Fifty-eighth street, crossed the street diagonally from the defendant's house, in order to take a cab, and stumbled over a stepping-stone or carriage block maintained by the defendant in front of her residence. The stone over which the plaintiff fell was 18 inches high, 13 inches long, and 16 inches wide. In the opinion the court said:

" The stepping-stone in this case, located upon the sidewalk in front of a private house, was a reasonable and necessary use of the street, not only for the convenience of the owner of the house, but for other persons who desired to visit or enter the house for business or other lawful purpose. It did not interfere in the least with the use of the roadway or bed of the street; nor did it interfere to any appreciable or unreasonable extent with the use of the sidewalk. There were eight feet of a clear, open space upon the sidewalk for the use of travelers, and the fact that the plaintiff, while hurrying in the night time to take a cab, stumbled over the stone, when the place was well lighted and the object plainly visible, does not prove, or tend to prove, that the defendant was guilty of any wrong or breach of duty in maintaining the stepping-stone in front of her house. It is true that the plaintiff was injured, but that was the result of an accident, due possibly to his own fault, but at all events not to any fault on the part of the defendant, or to any unlawful obstruction by the defendant of the street. The question involved in the case is, we think, well settled by authority. *Dubois* v. *Kingston,* 102 N. Y. 219; *Dougherty* v. *Trustees, etc.,* 159 N. Y. 154. While it is said that these cases involved only the question of liability on the part of the municipality for negligence, they also decided that the existence of objects of this character in the streets is lawful. If the city could not be held liable for permitting them to

be there after notice, neither can the defendant be held liable for placing them there. The question involved in this class of cases is whether the object complained of is usual, reasonable, or necessary in the use of the street by the owner of the premises, or any one else."

There are other courts than those of New York that have maintained the same principle. *City of Cincinnati* v. *Fleischer,* 63 Ohio St. 229; *Macomber* v. *City of Taunton,* 100 Mass. 255; *Cushing* v. *Boston,* 124 Mass. 434; *Horner* v. *City of Philadelphia,* 194 Pa. St. 542.

Upon general principle as well as upon authority we are clearly of opinion the carriage block or stepping-stone in question was not an unlawful obstruction of the street or sidewalk, and that the defendant is not liable for the injury received by the plaintiff in stumbling and falling over the stone.

But the plaintiff contends that even conceding that the carriage block in question was not an unlawful obstruction, and did not constitute a public nuisance, yet the street in that particular section was defectively and insufficiently lighted, and because of such defective and insufficient lighting of the street and sidewalk, the plaintiff ran against and stumbled over the block or stepping-stone and was injured, and that the defendant corporation is liable for such injury, because of the neglect to properly light and keep lighted the street and sidewalk where the accident occurred. But whatever insufficiency may have existed in the light upon the occasion of the accident, (if any insufficiency did in fact exist,) such an action as the present is not the remedy for the consequences of such defect. Money is annually appropriated by Congress for lighting the streets of the city; but whether such appropriation be sufficient or insufficient, the courts cannot determine; nor can they determine how the lights shall be distributed through the city; or how any particular street or section of a street shall be lighted, whether by few or many lights, or whether by gas or electricity. These are matters that are confided exclusively to the judgment and discretion of the municipal authorities.

Finding no error in the ruling of the court below direct-ing the verdict for the defendant, we must affirm the judg-ment, and it is so ordered.                    *Judgment affirmed.*

Upon motion on behalf of the appellant, a writ of error to the Supreme Court of the United States, was allowed June 2, 1903.