SARAH M. ALDRICH *vs.* CITY OF BOSTON.

Suffolk. November 17, 1911. — September 11, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DECOURCY, JJ.

*Statute,* Construction. *Boston. Way.*
</div>

The provision contained in St. 1799, c. 31, § 4, "that no canopy, balcony, platform of cellar-door, or step in any street, lane or alley, in the town of Boston, shall project into such street more than one tenth part of the width of the street, and in no case more than three feet," although negative in form is permissive in its nature.

Section 4 of St. 1799, c. 31, which provides "that no canopy, balcony, platform of cellar-door, or step in any street, lane or alley, in the town of Boston, shall project into such street more than one tenth part of the width of the street, and in no case more than three feet," applies to steps below the surface of the sidewalk of a highway, which lead to the basement of a house, and an unguarded opening containing such steps which projects only two feet into a street thirty feet wide is not a defect in the highway for which the city of Boston can be found to be liable under R. L. c. 51, § 18.

TORT against the city of Boston under R. L. c. 51, § 18, for personal injuries sustained on November 25, 1901, and alleged to have been caused by a defect in the sidewalk of Salem Street, a highway of the defendant. Writ dated February 5, 1902.

In the Superior Court the case was tried before *Schofield,* J. The alleged defect was an opening in the sidewalk of Salem Street

containing a short flight of steps leading to the basement of a house. The width of Salem Street was thirty feet. The opening, the steps and the house had been in existence in the same place for over forty years before the date of the accident. The defendant relied on St. 1799, c. 31, § 4, which is quoted in the opinion, where also the evidence material to that defense is stated.

The judge ordered a verdict for the defendant and reported the case for determination by this court. If the action could be maintained on the facts stated in the report, judgment was to be entered for the plaintiff in accordance with a stipulation of the parties, the terms of which have become immaterial. If the action could not be maintained, judgment was to be entered for the defendant on the verdict.

The case was submitted on briefs.

*S. K. Hamilton & T. Eaton,* for the plaintiff.

*J. A. Campbell,* for the defendant.

HAMMOND, J.   The opening extending from the line of the buildings two feet into the sidewalk was "three and sixteen one hundredths feet long and from ninety-two one hundredths of a foot to three feet deep." It contained a flight of four steps descending from the level of the sidewalk to the basement of the house, the top step being about eleven inches below the surface of the sidewalk. There was no guard or railing of any sort about the opening. While in the exercise of due care, in a dark and foggy evening, the plaintiff stepped into this opening and was thereby injured. At the close of the evidence a verdict for the defendant was rendered by order of the presiding judge; and the case is before us upon his report.

The main ground of defense is that the steps were lawfully in the street by virtue of the fourth section of a statute passed on June 22, 1799, St. 1799, c. 31, § 4. The section reads as follows: "No canopy, balcony, platform of cellar-door, or step in any street, lane or alley, in the town of Boston, shall project into such street more than one tenth part of the width of the street, and in no case more than three feet; and all cellar-doors hereafter to be made or repaired, shall be built with upright cheeks, and shall not project from the line of the house more than six inches. And if any proprietor or owner of any such canopy, balcony, platform or cellar-door, or steps, shall refuse or neglect to remove or take

down the same, within five days after notice and direction given him or them by the surveyors of highways, . . . such owner or proprietor shall forfeit and pay the sum of two dollars, for each and every day the same shall remain after the expiration of the said five days." This language although negative in form is permissive in its nature. *Cushing* v. *Boston,* 122 Mass. 173.

The statute of which this section is a part is entitled "An Act to regulate the paving of streets in the town of Boston, and for removing obstructions in the same." The first and second sections provide for the paving of streets and the manner in which they shall be paved, both as to the sidewalk and the carriageway. The third section simply provides for the laying out and widening of such streets. Then comes the fourth section above quoted. The remaining sections forbid the setting of posts and planting of trees without a permit and prescribe how far posts and a "bow-window or other window" may project into the street, forbid the unlawful placing of merchandise in a street, and regulate the time vehicles may stand in the streets.

It will be observed that the language used to indicate the removal of the obstruction after notice is "to remove or take down." There is no express suggestion that there is to be anything done in the way of filling up a hole. These terms used seem to suggest the removal of something either on or above the surface of the ground. It is further to be observed that the first clause of the section applies not to an upright cellar door but to the platform of the cellar door, or what is commonly called a bulkhead. All obstructions, namely, canopy, balcony and platform, are above the ground. Then follows the word "step." It may be said that this word used with reference to street obstructions seems to suggest only steps ascending from the level of the street. Moreover it is here preceded by terms no one of which describes things below the surface of the street. In view of these considerations there is considerable strength in the view that the only steps to which the statute relates are those above the surface.

But upon further reflection it seems reasonably clear that this is not the true interpretation. The statute speaks of the platform of the cellar door. That means as before said the platform which covers the entrance to the cellar, commonly called the bulkhead, or in other words it is the platform formed by the cellar door when

closed. The platform may consist of one piece or more, being when closed parallel with the surface of the street, or forming with it an angle more or less acute. By the statute this platform may project into the street three feet. It covers the entrance to the cellar. In most cases the cellar floor must be several feet below the level of the street. The beginning of the entrance to the cellar may be three feet from the side of the house. All this plainly indicates that the cellar is to be reached by steps. The only reasonable conclusion is that the word "step" includes steps leading to the cellar as well as those ascending from the street. Any other interpretation fails to reach the true meaning of the term "platform of cellar-door" and the reason for its insertion in the statute. This view is strengthened by the second clause, which provides that "all cellar-doors hereafter to be made or repaired, shall be built with upright cheeks, and shall not project from the line of the house more than six inches." That is to say, the old platform method of constructing cellar entrances was not to be further allowed except in cases then existing. In all cases of new construction or substantial repair, the cellar door must be upright and could not extend more than six inches into the street.

If it be said that this interpretation legalizes pitfalls dangerous to the traveller upon the streets, the answer is obvious. It must be remembered that at the time this statute was passed, now more than one hundred years ago, Boston was a comparatively small town and was by no means so thickly settled as it is to-day. This statute indicates, and there is no reason to doubt, that there were at that time many cases where the cellar steps projected from the house into the street, especially where the cellar doors formed a platform over the cellar entrance. The time had now come to pave some of the streets. It was a convenient time to indicate a little more sharply than theretofore had been done the use which the abutters should make of the streets in the way of building upon or over them; and the evident intent of the statute was to do this. But this use could be at any time stopped if required by the highway surveyors. The obstruction, after five days from notice to remove, becomes a nuisance and can be removed. It seems clear that the purpose and effect of the section was first to legalize, at least temporarily, a certain use of the streets by the abutters, and to provide for the cessation of this use whenever the

highway surveyors, acting not as the agents of the city but as public officers, should think it best.

The steps in question do not project into the street farther than permitted by the statute. It does not appear that any notice for their removal ever has been given. The case is like *Cushing* v. *Boston*, 122 Mass. 173; *S. C.* 124 Mass. 434, and 128 Mass. 330. The statute under which that case arose is in all material respects like the one before us. In that case, it is true, the steps were above the surface; but if this statute applies to steps below the surface as we think it does, then the doctrine of *Cushing* v. *Boston* is applicable. In the last report of that case, 128 Mass. 330, Endicott, J., after referring to the two previous decisions, states the rule of law in the following language: "On both occasions it was held that, under the St. of 1824, c. 16, § 3, these steps, which projected less than three feet into the highway, and were properly constructed and in good repair, could be lawfully maintained by the abutter, were not a nuisance, and did not constitute an illegal obstruction in the highway. Whether they rendered the highway unsafe for a traveller in the night-time, using due care, was entirely immaterial; they were authorized by law; the defendant could not remove them; and was under no obligation to place railings or other safeguards around them for the protection of travellers."

The rule thus stated governs this case. See also for discussion of the law in analogous cases, *Young* v. *Yarmouth*, 9 Gray, 386; *Commonwealth* v. *Boston*, 97 Mass. 555.

It becomes unnecessary to consider the other grounds of defense. The verdict for the defendant was rightly ordered. In accordance with the terms of the report there should be judgment for the defendant; and it is

*So ordered.*