Town of Milton *vs.* Mary J. Donnelly, trustee.

Suffolk.   May 10, 1940. — July 3, 1940.

Present: Field, C.J., Lummus, Dolan, Cox, & Ronan, JJ.

*Billboard.   Municipal Corporations,* By-laws and ordinances.   *Milton.*

A by-law of the town of Milton prohibiting the maintenance anywhere in the town of certain billboards, which was approved by the division of highways under G. L. c. 93, § 29, in 1923, was not, respecting a certain district in the town, inconsistent with a paragraph of rules and regulations adopted by the division under that statute in 1924, prohibiting maintenance of certain billboards but providing that its provisions should "not apply to districts which the division may determine are of a business character," even though the division's successor, the department of public works, had determined such district to be of a business character.

A by-law adopted by the town of Milton under G. L. c. 93, § 29, prohibiting billboards exceeding certain dimensions anywhere in the town within three hundred feet of a public way was not unreasonable as applied to a business district, defined by a zoning by-law previously adopted, although no part of the district was three hundred feet "deep from any street."

A permit from the State department of public works for the maintenance of a certain billboard in a town was not effectual to permit its maintenance in violation of a valid by-law of the town.

The mere fact that enforcement of a by-law of a town prohibiting the maintenance of billboards exceeding certain dimensions within a designated distance from a public way affected one billboard only did not render the by-law unreasonable or invalid.

PETITION IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on January 14, 1936.

The case was reserved by *Ronan,* J.

*L. Bryant,* for the petitioner.

*R. S. Wilkins,* (*T. Chase* with him,) for the respondent.

RONAN, J.   In this petition in equity filed under G. L. (Ter. Ed.) c. 93, § 31, the town of Milton seeks a decree ordering the respondent to remove a billboard erected by her on June 5, 1935, and since maintained by her, on the ground that the erection and maintenance were in violation of a by-law of the town.   The suit was reserved by a single justice upon the petition, answer and a master's report for the determination of the full court.

The town adopted a by-law which provided that no person should erect or maintain a billboard "within three hundred feet of any other public way and within public view from any portion of the same if such billboard, sign or device exceeds five feet in height or eight feet in length." This by-law after its approval by the division of highways of the department of public works, and by the Attorney General, became effective on May 26, 1923.   The approval of the division of highways was given in accordance with G. L. c. 93, § 29, which in so far as is material provided that: "The division of highways of the department of public works, hereinafter called the division, shall˜make and may amend or repeal rules and regulations for the proper control and restriction of billboards, signs and′ other advertising devices, except as provided in section thirty-two, on public ways or on private property within public view of any highway, public park or reservation.   Said rules and regulations may require that said billboards, signs or other devices be licensed in accordance therewith and with this section, may prescribe license fees, to be fixed with regard to the cost of administering this section, and need not be uniform throughout the commonwealth. . . .   Subject to the approval of the division, towns may further regulate and restrict said billboards or other devices within their respective limits by ordinance or by-law not inconsistent with sections twenty-nine to thirty-three, inclusive, or with said rules and regulations."   This section was amended by St. 1924, c. 327, which struck out the sentence last quoted

and substituted therefor the following: "Cities and towns may further regulate and restrict said billboards or other devices within their respective limits by ordinance or by-law not inconsistent with sections twenty-nine to thirty-three, inclusive, or with said rules and regulations." The division of highways was abolished by St. 1927, c. 297, and its power was formally transferred to the department of public works. St. 1931, c. 394, § 96.

A zoning by-law was adopted by the town on July 10, 1922, which divided the town into a residential district and two business districts. The billboard in question was located in one of these business districts. The business and industrial uses permitted in these two districts were governed by by-laws adopted in 1934 and 1938, but no mention was made therein of billboards or advertising devices.

The respondent constructed in June, 1935, a billboard fifty feet long and twelve feet in height on the roof of a garage abutting upon Granite Avenue, a public highway. This billboard is within three hundred feet of this highway and is within public view from said way. The billboard since its erection has been maintained by the respondent. It is used to advertise goods other than those sold in the garage. The department of public works first granted the respondent a permit for the construction of this billboard in 1930 and thereafter renewal permits have been annually granted. On June 1, 1934, the department wrote the chairman of the selectmen advising him that the respondent had applied for a renewal permit, and the board of selectmen on June 7, 1934, approved the renewal of this permit. A permit was issued by the department to expire June 30, 1935. The building inspector issued a permit for the construction of the billboard on May 23, 1935. Commencing in 1935, and continuing since, the board of selectmen have objected to and disapproved the renewal of the permit when advised by the department that an application for renewal had been made.

The division of highways on January 24, 1924, in accordance with G. L. c. 93, § 29, adopted new rules and regulations for the control and restriction of billboards, signs and

other advertising devices. Section six, entitled "Restrictions," contained six paragraphs, each designated by a letter. Paragraph D[1] provided that no billboard shall be located nearer than fifty feet to the street. It permitted billboards exceeding thirty-two square feet in area to be located not less than one hundred feet from the street and billboards exceeding twenty-five feet in length or twelve feet in height to be located not less than three hundred feet from the street. This paragraph contained the further provision: "Provided, however, that this paragraph shall not apply to districts which the Division may determine are of a business character." Section eight of these rules and regulations set forth the form of an ordinance or by-law which the division stated it would approve. One section of this form of an ordinance or by-law, designated (f), provided that no billboard exceeding twenty-five feet in length or twelve feet in height should be located or maintained within three hundred feet of the public way. Section eight of these rules and regulations, however, stated that certain provisions including (f) "shall not apply to districts which the (Mayor and Aldermen or Selectmen) may determine are of a business character. (This limitation may be omitted from Ordinances or By-Laws, if desired.)" The master reports that the department of public works does not undertake to determine the limits

---

[1] The full text of paragraph D was as follows:

"D. No Permit will be granted for the erection or maintenance of any billboard, sign or other advertising device if said billboard, sign or other advertising device is to be located: —

"(1) Nearer than fifty (50) feet to the boundary line of any public way.

"(2) Nearer than one hundred (100) feet to the boundary line of any public way, if within view of any portion of the same, if said billboard, sign or other advertising device exceeds an area of thirty-two (32) square feet;

"(3) Nearer than three hundred (300) feet to the boundary line of any public way, if within view of any portion of the same, if said billboard, sign or other advertising device exceeds a length of twenty-five (25) feet or a height of twelve (12) feet;

"(4) In any event if said billboard, sign or other advertising device exceeds a length of fifty (50) feet or a height of twelve (12) feet; except that the Division may permit the erection of billboards, signs or other advertising devices which do not exceed forty (40) feet in length and fifteen (15) feet in height if not nearer than three hundred (300) feet to the boundary line of any public way.

"Provided, however, that this paragraph shall not apply to districts which the Division may determine are of a business character."

or area of a business district but passes upon each individual application for a permit. He inferred from the grant of the permit to the respondent that the department of public works determined that the district in which the billboard was located was of a "business character," and he found upon all the evidence that the locus was of such a character.

The respondent contends that the by-law is invalid because it is inconsistent with the rules and regulations of the department of public works and, further, because it is unreasonable.

Power to regulate and restrict advertising in public ways and upon private property within public view was conferred upon the Legislature by art. 50 of the Amendments to the Constitution. In the exercise of the power, the Legislature has directed the department of public works to formulate and establish rules and regulations for the control and restriction of billboards, signs and other advertising devices on public ways or upon private property within public view of any highway, public park or reservation, and for the licensing of such structures and prescribing a fee for licenses, which shall be fixed with regard to the cost of administering the law. Such rules and regulations need not be uniform throughout the Commonwealth. G. L. (Ter. Ed.) c. 93, § 29. The general supervision and primary control of this subject are entrusted to a State department. The Legislature, however, apparently recognized that the nature of the subject matter was such that it might not be adequately and appropriately controlled and supervised by general rules of State wide application, and that the physical characteristics of various cities and towns differ within such wide limits that it was deemed expedient to permit them to establish and enforce local regulations for the purpose of lessening the detrimental effect that the general welfare of the community might sustain by the erection and maintenance of billboards, provided that such local regulations did not conflict with the statutes or the rules and regulations of the State department. It was said in *Inspector of Buildings of Falmouth*

v. *General Outdoor Advertising Co. Inc.* 264 Mass. 85, 89, that "The Legislature had conferred upon the division authority over the erection and maintenance of billboards with the subordinate right of cities and towns by ordinance or by-law to make further regulations or orders not inconsistent or at variance with the regulations promulgated by the division." Our inquiry is whether the by-law comes within the power delegated to the town. To be valid it must come within the scope of the enabling statute. *Winthrop* v. *New England Chocolate Co.* 180 Mass. 464. *Commonwealth* v. *Hayden,* 211 Mass. 296. *Commonwealth* v. *Atlas,* 244 Mass. 78. Section six of the rules and regulations is the only one dealing with the size and set-back of billboards and other advertising devices near highways and public places, and that requires a billboard of the dimensions of the respondent's to be located at least three hundred feet from the public way. But this rule specifically provides that it shall not apply to a locus that the department has determined to be a business district. The respondent argues that this provision, though negative in form, carries the plain implication that such a set-back is not required in a business district. See *Cushing* v. *Boston,* 122 Mass. 173. *Aldrich* v. *Boston,* 212 Mass. 512. The statute, in the case first cited, provided that no door steps shall project more than three feet into the street, and, in the other case cited, that no entrance to a basement shall project into the street for a distance of more than three feet. In each case it was held that the steps and entrance could lawfully extend into the street within the designated distance. In the case at bar there is no provision regulating the location of billboards in business districts, and hence there is no basis for an implication that, a minimum being established, anything within that minimum was permitted. The scope of the restrictions created by the rules was limited to districts not of a commercial character. No rules were promulgated for commercial districts. We can construe the rules and regulations only according to the ordinary meaning of the words in which they are couched. It is not the function of a court to supply omissions. *Arruda* v. *Director General of*

*Railroads*, 251 Mass. 255. *Morse* v. *Boston*, 253 Mass. 247.

In section eight of the rules and regulations setting forth a typical form for ordinances and by-laws, there is a similar provision requiring a set-back of three hundred feet for a billboard of the size of the respondent's, but the section states that such provision shall have no application to a district that the local authorities shall determine to be of a business character. This section also states that "This limitation may be omitted from Ordinances or By-Laws, if desired." The meaning of this last sentence is not clear. The limitation mentioned apparently refers to the preceding sentence limiting the application of all the terms of proposed ordinances and by-laws, with a single exception (b) which provides for·a set-back of three hundred feet from a public park or other public grounds, to districts of a nonbusiness character. But whether the application of the proposed ordinances and by-laws shall be so restricted is stated in said section eight to be optional with the local authorities.

The division, as the State agency at the time these rules were promulgated, declared that it would approve by-laws containing the terms set forth in this section of the rules. It must mean that the division intended to approve an ordinance or by-law that contained the terms set forth in the section and applied uniformly to all parts of the city or town, including both residential and commercial districts. Indeed, the division on April 24, 1923, approved the instant by-law of the town, and this was nearly nine months after the town had adopted a zoning by-law that divided the town into a single residential district and two business districts. There is no rule or regulation of the department that establishes any set-back of a billboard of the size in question from the side line of a public way in the business district of a city or town. The only restriction in that respect applies, accordingly, to a sign located in a district not determined by the board to be of a business character. The locus of the respondent's billboard is in a district zoned for business; it is deter-

mined by the department to be such and found by the master to be of that character. In the absence of a rule or regulation of the State department establishing a set-back in a business district, the town was authorized to require this billboard to be placed not less than three hundred feet from the public way in such a district. Such a by-law is not inconsistent with any rule or regulation but supplements, as it may properly do, the existing rules and regulations of the department. A by-law of Concord which among other provisions provided, as does the by-law of Milton, for a set-back of three hundred feet from the highway for billboards exceeding twenty-five feet in length or twelve feet in height and which, like the by-law of Milton, made no distinction between residential and business districts, was held to be consistent with the statutes and the rules and regulations. *General Outdoor Advertising Co. Inc.* v. *Department of Public Works,* 289 Mass. 149, 196, 197.

The town could further regulate and restrict billboards so long as its by-law did not infringe upon the rules and regulations of the State agency. The by-law is not repugnant to the statute or to these rules and regulations. *Commonwealth* v. *Goodnow,* 117 Mass. 114. *Commonwealth* v. *Hubley,* 172 Mass. 58. *Commonwealth* v. *Haffer,* 279 Mass. 73. *Commonwealth* v. *Baronas,* 285 Mass. 321. *Commonwealth* v. *Brooks,* 109 Mass. 355. *Commonwealth* v. *Newhall,* 205 Mass. 344. *Commonwealth* v. *Gile,* 217 Mass. 18. *Commonwealth* v. *Rice,* 261 Mass. 340. *Wilbur* v. *Newton,* 301 Mass. 97.

The permit from the State department did not authorize the respondent to violate the by-law of the town. *Commonwealth* v. *Fenton,* 139 Mass. 195. *Commonwealth* v. *Lagorio,* 141 Mass. 81. *Commonwealth* v. *Ellis,* 158 Mass. 555.

The relation between cities and towns and the State department in reference to the control and regulation of billboards is more or less analogous to the power of the State to make regulations for certain phases of interstate commerce, which are valid until they are displaced or abrogated by an Act of Congress regulating these same phases.

*Commonwealth* v. *Kemp*, 254 Mass. 190.  *Maurer* v. *Hamilton*, 309 U. S. 598.

The remaining question is whether the by-law is unreasonable.  The respondent contends that if the town has the right to impose the set-back of three hundred feet in this business district, then, on account of the shape and size of the district, it will be impossible to erect therein a billboard more than eight feet long or five feet high that will comply with the required set-back. · The master finds that no part of the district in which this billboard is located is three hundred feet "deep from any street."  The district is thickly settled.  Practically all the dwellings are single two-story houses on small lots.  A playground, an open area known as Crane Field, a public school, a public library, four churches, a fire station and a post office are located in this district.  Adjoining this district is a railroad station, and a little beyond that are a freight house and a freight yard.

The by-law was the expression of the voters of the town, all of whom must be presumed to have been familiar with the physical characteristics of the locality and the general nature of the neighborhood.  They were authorized to act and if they believed that the public welfare would be enhanced by requiring a set-back of billboards more than eight feet long or five feet high, then we have no right to substitute our judgment for theirs, which must stand unless shown to have been capricious and arbitrary.  *Wilbur* v. *Newton*, 301 Mass. 97.  *Sullivan* v. *Police Commissioner of Boston*, 304 Mass. 113.  *Stockus* v. *Boston Housing Authority*, 304 Mass. 507.  We cannot say the means employed have no reasonable relation to the aim sought to be accomplished.  The use of the site by the respondent as a vantage point to thrust upon the public a constant visual solicitation to purchase the advertised goods has been settled, after great consideration, to be subject to the police power of the Commonwealth.  The General Court could delegate the exercise of the power to a State department and to cities and towns to the extent designated by G. L. (Ter. Ed.) c. 93, § 29.  *Inspector of Buildings of Falmouth*

v. *General Outdoor Advertising Co. Inc.* 264 Mass. 85. *General Outdoor Advertising Co. Inc.* v. *Department of Public Works,* 289 Mass. 149.

The fact that the respondent's billboard is the only one located in Milton for which the department of public works has granted a permit does not show that the by-law is directed against this particular billboard. In the first place, the by-law was passed years before the billboard was erected. In the next place, if the only billboard that could be affected by the enforcement of the by-law is that of the respondent, that circumstance alone would not render the by-law invalid. *Massachusetts General Hospital* v. *Belmont,* 233 Mass. 190.

The question is not presented whether a town may prohibit billboards at any place within its limits. The master finds that the designated set-back if valid will prevent the erection of billboards of the size of the one in question in both business districts, except for a possible strip along the Neponset River in the district other than that in which this billboard is located, but states that, upon the evidence, he is unable to find what is the availability of locations for billboards of this size in other parts of the town. In *Euclid* v. *Ambler Realty Co.* 272 U. S. 365, a zoning ordinance prohibiting billboards in four of the six zones was upheld. See *Lexington* v. *Govenar,* 295 Mass. 31; *Federal Radio Commission* v. *Nelson Brothers Bond & Mortgage Co.* 289 U. S. 266.

A decree is to be entered ordering the removal of the respondent's billboard and enjoining her from further maintaining it. The petitioner is to have costs.

*Ordered accordingly.*