## Scranton *v.* Laurel Run Turnpike Company, Appellant.

*Turnpike companies—Public highways—Automobiles.*
Turnpike companies cannot exclude automobiles from passage over their roads.

Argued April 14, 1909. Appeal, No. 230, Jan. T., 1908, by defendant, from order of C. P. Luzerne Co., Dec. T., 1907, No. 219, awarding mandamus in case of W. W. Scranton v. The Laurel Run Turnpike Company. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Demurrer to defendant's return to alternative mandamus.

HALSEY, P. J., filed the following opinion:

The petitioner alleges that he is a resident of the state of Pennsylvania, and as such is entitled to the free and uninterrupted use and passage over and upon the public highways in the state..

The defendant is a corporation chartered under the Act of April 29, 1874, P. L. 73, for the purpose of constructing and maintaining a turnpike road. That under and in pursuance of its charter, it has constructed and is now maintaining a turnpike road between the city of Wilkes-Barre and the township of Bear Creek in the county of Luzerne, and has established a toll gate on said turnpike road and has been collecting tolls from persons using and traveling on the same.

That the petitioner is the owner of an automobile of which H. D. Warner, of said city of Scranton, is the operator and driver. That the said driver has been licensed by the highway department of the commonwealth to operate a motor vehicle upon the public highways of the state for the year 1907, which license is dated January 1, 1907. That the said turnpike road is a public highway. That upon October 5, 1907, said Warner, while operating said automobile, which had displayed in a conspicuous place on the front and back of it said license number, accompanied by the petitioner, arrived at the toll gate of said turnpike company and found the same closed, and the plaintiff requested the toll gate keeper to permit them to pass through said gate and over said turnpike road in said automobile, and offered and tendered the toll keeper any toll that the turnpike company might demand for the use of the road. The toll keeper, following the instructions of the defendant, refused to permit the plaintiff's automobile the privilege of passing through the said gate.

It is further alleged that the said defendant company by refusing and prohibiting the use of the turnpike road by automobiles and by refusing to allow your petitioner to pass through said toll gate and over and upon said turnpike road in said automobile on October 5, 1907, and by allowing teams and wagons the use of the same, is unjustly and unlawfully discriminating and did unjustly and unlawfully discriminate

against the petitioner and against others who may desire to pass over said turnpike in automobiles. That the said turnpike road is a public highway and the defendant has no legal or equitable right to prevent the petitioner's automobile and others who are duly licensed from driving and operating automobiles thereon upon the payment of a just and reasonable toll.

All the essential averments of the plaintiff's petition are admitted or not denied with the exception of that contained in sec. 15 of the defendant's return, viz.:

"We say that there is no remedy at law by this proceeding or otherwise to compel us to allow the passage of automobiles over our said turnpike, and we further say that the law fixes no lawful and reasonable toll for automobiles."

The defendant company was incorporated under the Act of April 29, 1874, P. L. 73, sec. 30. That the said defendant company has finished more than five miles of its road. That said road is a public highway. That it has erected toll gates upon the said road and exacted tolls under and in pursuance of the said act and its supplements. That it has refused to permit automobiles to use said road.

By cl. 6, p. 80, of said act, when such corporation is licensed it shall and may be lawful for it to appoint such and so many toll gatherers as they shall think proper " to collect and receive of and from all and every person or persons using said road the toll and rates hereinafter mentioned . . . . for coach . . . . sulky . . . . chaise, phaeton . . . . wagon or any other carriage of burden or pleasure."

By cl. 9 it is further provided, "if any person or persons owning, riding in or driving any sulky, chaise . . . . or other carriage of burden or pleasure shall pass through the toll gate with intent to defraud the company, they will be subject to a penalty of $10.00."

In the Act of April 19, 1905, P. L. 217, sec. 1, automobiles and motor vehicles propelled by steam, gas or electricity, are recognized as among those denominated in the corporation act as "any other carriage of burden or pleasure," or as "other carriage of burden or pleasure," by providing that they shall

not be operated or driven upon any public street or highway in any city, borough, county or township in this commonwealth until the operator shall have procured a license.

The defendant's turnpike is a public highway. The vehicle which the plaintiff was driving on October 5, 1907, must be included in the general designation of the act of April 29, 1874, as "other carriage of burden or pleasure," and "every other carriage of pleasure under whatever name it may go."

We cannot concur with the allegation of the defendant that "the law fixes no lawful and reasonable toll for automobiles."

The relator's demurrer to the return of the Laurel Run Turnpike Company is sustained and a peremptory writ of mandamus commanding it, the said Laurel Run Turnpike Company, to perform the duties prayed for in the petition in this case, is allowed.

*Error assigned* was the order of the court.

*Paul Bedford* and *Geo. R. Bedford*, for appellant.

*W. Alfred Valentine*, for appellee.

PER CURIAM, May 20, 1909:

The judgment is affirmed on the opinion of the court below.