# Walker *v.* Commonwealth, Appellant.

*Road law—Township roads—Automobiles—Prohibition of use of road.*
Township commissioners have no authority to prohibit the use of automobiles on a public highway of a township.

Argued May 7, 1909. Appeal, No. 187, April T., 1909, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1908, No. 127, reversing summary conviction by a justice of the peace in case of Thomas Walker v. Commonwealth. Before RICE, P. J., PORTER, HENDERSON, MORRISON and ORLADY, JJ. Affirmed.

Certiorari to judgment of justice of the peace.

FRAZER, P. J., filed the following opinion:
On July 5, 1908, plaintiff in error was arrested and taken before justice of the peace John Johnston, of Leet township, charged with "wilfully driving his automobile over and upon that portion of Little Sewickley Road extending northerly from the intersection of Centennial Avenue with said Little Sewickley

Road to the Sewickley Township line, in violation of an ordinance No. 43½, ordained and enacted September 9th, 1907, by the commissioners of said Township."

It is agreed that the record of the justice shall be considered as showing that Leet township is a township of the first class, and that by an ordinance of its commissioners adopted September 9, 1907, the driving of automobiles over the portion of Little Sewickley Road in that township between Centennial avenue and the Sewickley township line is forbidden under penalty of $10.00 for the first offense, and $25.00 for the second offense, and $50.00 for the third and subsequent offenses; and further, that Little Sewickley road is a public highway located and opened in the manner provided by law many years ago. After hearing, defendant was convicted of violating the ordinance, and fined $10.00. This certiorari was then taken and a number of exceptions filed to the record, several of which we would sustain and reverse the judgment of the magistrate, were it not for an agreement of counsel waiving all defects and withdrawing all exceptions, except those relating to the authority of the township to enact the ordinance complained of. Under that agreement if the township is vested with power to exclude automobiles from certain of its public roads the judgment of the magistrate must be affirmed; if not the judgment must be reversed. The ordinance under which the conviction in this case was had is as follows:

" An ordinance prohibiting the driving of automobiles over a portion of the Little Sewickley Road.

"Whereas, A portion of the Little Sewickley Road, hereinafter mentioned, is dangerous and unsuitable for the use of motor vehicles; and

"Whereas, By reason of the fact that said portion of said road is very narrow, and the turns thereon are abrupt, and the lands abutting along said road are thickly covered with timber and underbrush, and by reason of the thickness of the foliage along the sides of said road, and other conditions which are not remediable by any possible action of the commissioners at this time, the driving of automobiles or other motor vehicles over said portion of said road is dangerous alike to pedestrians and

to persons in vehicles, whether motor driven or drawn by horses; and

"Whereas, The conditions aforesaid make the use of said road, as a thoroughfare for automobiles, a menace to the life and property of citizens using said road;

"Now therefore, Be it ordained and enacted by the commissioners of Leet Township, and it is hereby enacted and ordained by the authority of the same,

"Section I. That the portion of Little Sewickley Road, extending northerly from the intersection of Centennial Avenue with said Little Sewickley Road to the Sewickley Township line be, and the same is hereby declared to be dangerous for use by automobiles, and the use of said portion of said road as a thoroughfare for automobiles or other motor vehicles is hereby prohibited.

"Section II. Any person guilty of violation of this ordinance shall be subject to a fine of ten (10) dollars for the first offense, twenty-five (25) dollars for the second offense, and fifty (50) dollars for the third or any subsequent offense, said fines to be collected as now provided by law."

Public roads are laid out and opened for the use of all persons on equal terms, that is, to all who comply with the reasonable regulations of the duly constituted authorities. Primarily the duly constituted authority is the commonwealth, and its right, acting through the legislature, to prescribe that automobiles shall not be operated upon the public highways of the state is well established, both upon principle and authority, and it is equally well settled that having such power the commonwealth may in its discretion delegate its authority either in whole or in part to its various municipal divisions. It is also well settled that municipal corporations possess no powers except those conferred upon them by the legislature. Consequently it devolves on the township to show that townships of the first class have authority under the law as it now stands to exclude automobiles from the use of their public roads. The township contends that it has such power under the fifth clause of sec. 5 of the Act of April 28, 1899, P. L. 104, under which such townships are created, which is as follows:

"And generally to take all needful means for securing the safety of persons and property within the township."

The words quoted above are from the clause of the township classification act, which confers upon the township commissioners authority to establish and maintain police and fire protection, and in our opinion relate to "needful means for securing" protection in those respects, and do not, and were not intended to confer upon townships authority to prescribe rules for the use of highways by motor cars or other vehicles. This clause, consequently, confers no authority upon the commissioners to either regulate or prohibit the use of certain vehicles upon the roads of the township, and we find no other section of the act which confers such powers on them. On the contrary, the act requires township commissioners to keep all public highways within the township "effectually opened . . . . and clear of all impediments to easy and convenient passing and traveling."

Even if the words quoted from the act of 1899 are broad enough to confer the authority claimed by the township, in our opinion that power has been modified by the Act of April 19, 1905, P. L. 217, relating to automobiles and motor vehicles, which, inter alia, provides that no motor vehicle "shall be operated or driven upon any public street or public highway in any city, borough, county or township in this commonwealth until the operator shall have procured a license from the State Highway Department." This language, it seems to us, grants permission to all persons having a state license to use and operate motor vehicles on the public roads of the state, subject only to the limitations contained in the act, which is throughout a regulating statute. This view is strengthened, at least so far as townships of the first class are concerned, by sec. 5, which fixes speed limits for both cities and townships, and further provides that "in townships of the first class the commissioners thereof may by ordinance fix a rate speed of not less than one mile in six minutes in such sections of said townships as they may deem such rate necessary for public safety." This clause clearly by implication permits motor vehicles to be operated upon the highways of townships of the first class as well as those of other

642    WALKER *v.* COMMONWEALTH, Appellant.

Opinion of Court below—Opinion of the Court. [40 Pa. Superior Ct.

municipalities, the only limitation being that township authorities may within the limits prescribed by the act control the speed at which such vehicles are operated. Beyond this they cannot go under the law as it is at present. This conclusion seems to us to be in line with Radnor Township v. Bell, 27 Pa. Superior Ct. 1, in which it was held that townships of the first class have power to fix a speed limit for automobiles within the limitation prescribed by the statute. While the legislature may by statute exclude automobiles from the public roads of the commonwealth, or confer the authority to do so within cities, boroughs or townships, it has not done so, and until such legislation is enacted there is no law that we know of that either prohibits or authorizes municipalities to prohibit the use of motor vehicles upon the public roads of the commonwealth.

And now, January 28, 1909, exceptions sustained and judgment of the magistrate reversed, and restitution awarded.

*Error assigned* was the judgment of the court.

*Walter Lyon,* with him *William A. Blakeley,* district attorney, for appellant.

*J. E. MacCloskey, Jr.,* for appellee.

Per Curiam, October 25, 1909:

We are not convinced that the commissioners of townships of the first class had no authority, at the time of the passage of the ordinance in question, to regulate the use of the highways by automobiles. But a majority of the judges who heard the case are of opinion that they had not power to prohibit the use of them upon a public highway of the township, and to that extent we adopt the opinion of the learned trial judge. Since this case was argued the case of Scranton v. Laurel Run Turnpike Co., 225 Pa. 82, has been reported. One of the points raised in that case was as to the discretionary power of a turnpike company to exclude automobiles from a turnpike situated very much as is the highway described in the present case and it was

held that it had no power to do so. The case, while not controlling, tends to support the conclusion of the majority of this court as above stated.

The judgment is affirmed