GEORGE S. WILBUR & others *vs.* CITY OF NEWTON.

Middlesex. January 4, 1938. — July 8, 1938.

Present: DONAHUE, QUA, DOLAN, & COX, JJ.

*Municipal Corporations,* By-laws and ordinances. *Constitutional Law,* Police power. *Way,* Public: traffic regulations. *Motor Vehicle,* Traffic regulations.

A city ordinance restricting the use and operation on a certain residential street of vehicles having a carrying capacity of more than two tons, which a master in a suit in equity stated he was unable to find was unreasonable, arbitrary or discriminating in character, was within the powers delegated to the city by G. L. (Ter. Ed.) c. 40, § 22; was not an invasion of the constitutional rights of property owners on a connecting street whose businesses were interfered with to the extent of requiring forty per cent of their sand and gravel to be hauled a distance not exceeding four miles farther than formerly; and was valid.

A city ordinance restricting use and operation of heavy commercial vehicles on a street which was a main highway leading from the city to another municipality was not a "special regulation" of motor vehicles or an exclusion of them from the main highway within G. L. (Ter. Ed.) c. 90, § 18.

BILL IN EQUITY, filed in the Superior Court on March 24, 1937, to restrain enforcement of an ordinance of the defendant reading as follows: "An Amendment (h) to Section 1 of Article 10 of the Traffic Regulations of the City of New-ton . . . The use and operation of heavy commercial vehicles are hereby restricted upon those streets described herein in the manner outlined and during the period of time set forth in this Section except where said vehicles are delivering goods to or taking goods from points on said streets: (h) Dedham Street from Wiswall Road to Parker Street."

After confirmation of a master's report, a final decree was entered by order of *Beaudreau,* J., dismissing the bill. The plaintiffs appealed.

*A. V. A. Thomason,* (*C. S. Hartwell* with him,) for the plaintiffs.

*W. G. Guernsey,* (*J. W. Bartlett,* City Solicitor, with him,) for the defendant.

QUA, J. This is a bill to restrain the city of Newton from enforcing a recent amendment to its ordinances whereby the use and operation of vehicles having a carrying capacity of more than two tons are "restricted" upon a portion of Dedham Street "in the manner outlined and during the period of time set forth in this section except where said vehicles are delivering goods to or taking goods from points" on that street.

Pertinent findings of the master disclose these facts: The plaintiff Wilbur owns about seventy-one acres of land upon which still remain about one million tons of sand and gravel. The plaintiffs Esty raise market garden produce upon about half of sixty acres owned by them and sell sand and gravel from the other half. The plaintiff Highland Sand & Gravel Company, Inc., is engaged in the business of excavating, preparing and marketing sand and gravel upon the lots of the individual plaintiffs. The purchasers remove the material in vehicles supplied by them. The only road to these tracts of land is Wiswall Road which runs out to Dedham Street. Dedham Street is a main highway leading directly from Boston into Newton. The amendment, when

taken in connection with other provisions of the ordinances applicable to neighboring streets, will affect substantially all vehicles of more than two tons carrying capacity coming out of Wiswall Road and attempting to turn to the left or northwest on Dedham Street, but will not affect those turning to the right or southeast toward Boston. Such vehicles entering Wiswall Road will be affected correspondingly.

Although the record is not clear as to the extent of the restriction of the use of Dedham Street, we assume that vehicles having a carrying capacity of more than two tons are practically excluded from the portion of the street described in the amendment. Substantially all, if not all, of the heavy commercial vehicles of more than two tons capacity operated on Dedham Street are motor vehicles. The loads upon trucks carrying the products of the plaintiffs commonly exceed two tons and frequently reach seven tons. In number they average in excess of one hundred trips each way daily. Under the amendment about forty per cent of the business of the plaintiff corporation will be compelled to make a longer haul than formerly, but the additional haul will never exceed four miles, and the chief elements of costs in transportation are the loading, the unloading and the waiting. This will expose the plaintiffs to some disadvantage, "the extent of which does not appear."

Dedham Street is from twenty-two to twenty-four feet wide. It has a gravel surface covered with oil or "tarvia." The property bordering upon it is, with few exceptions, residential in character so far as it has been developed. On one side is a rapidly growing high class residential district. Prior to the adoption of the amendment residents of this district had complained of the noise and hazard incident to the operation of so many large trucks carrying sand and gravel from the plaintiffs' premises over a street of the width of Dedham Street in a residential district.

The master expressly states that he is "unable to find that the ordinance here assailed is unreasonable, arbitrary or discriminatory in character," or that it was adopted for the purpose of ruining the businesses of the plaintiffs or forcing

them to cease to carry on the sand and gravel business. The only damages to the plaintiffs are in the "additional haul."

· These facts fail to show any invasion of the constitutional rights of the plaintiffs. Power to enact the ordinance was delegated to the city by G. L. (Ter. Ed.) c. 40, § 22, if not also by G. L. (Ter. Ed.) c. 85, § 10. This power does not appear to have been exercised unreasonably or arbitrarily or without regard to what may rationally have been thought to advance the general public welfare. The extent of injury suffered by the plaintiffs is not shown to be different in kind or greater in degree than that to which, under the police power, individuals must submit for the good of the majority. No property of the plaintiffs has been taken. They have not been deprived of access to the public ways. Compare *Anzalone* v. *Metropolitan District Commission*, 257 Mass. 32, 36. The ordinance does not discriminate against them. Others having occasion to use heavy vehicles on the affected portion of Dedham Street will be similarly restrained. The master's report indicates that this is true in fact as well as in theory. The circumstance that by reason of their greater use of Dedham Street these plaintiffs may happen to suffer more than others (if that be the fact) does not render the ordinance discriminatory as to them. Almost any regulation operates unequally in this sense upon different individuals. The case is governed by the principles illustrated in *Commonwealth* v. *Stodder*, 2 Cush. 562, 570–571, *Commonwealth* v. *Mulhall*, 162 Mass. 496, *Commonwealth* v. *Kingsbury*, 199 Mass. 542, *Commonwealth* v. *Rice*, 261 Mass. 340, 344, and *Opinion of the Justices*, 297 Mass. 559, 563. See *Sproles* v. *Binford*, 286 U. S. 374.

We cannot follow the plaintiffs' further contention that the amended ordinance is a "special regulation" of motor vehicles or an exclusion of them from a main highway leading from one town to another, which can become valid only after the observance of the formalities required by G. L. (Ter. Ed.) c. 90, § 18. The application of the ordinance is not limited to motor vehicles, even though in fact they may be principally affected by it, and motor vehicles as a class distinguished from other vehicles are not excluded from any

part of Dedham Street.  The ordinance is a regulation of heavy traffic in general under the older and broader power of G. L. (Ter. Ed.) c. 40, § 22.  *Commonwealth* v. *Newhall,* 205 Mass. 344.  *Commonwealth* v. *Gile,* 217 Mass. 18.  The growing use of motor vehicles for all kinds of traffic has not even yet reached the point where every regulation of vehicles in general terms is to be treated as a special regulation of motor vehicles, and where the established distinction between the two statutes last cited can be ignored.

*Decree affirmed with costs.*