## Mazur et al. v. Roughsedge Brothers, Inc., et al.

*Daniel J. Flood* and *James L. Brown*, for plaintiffs.
*Mitchell Jenkins* and *E. E. Hosey*, for defendants.

VALENTINE, P. J., July 20, 1950.—Flat Road is a public street of the Borough of Plymouth. Since June 5, 1950, defendants, Roughsedge Brothers, Inc., and Sidney Fewins have used the same for the transportation of coal and dirt. For this purpose trucks and tractors have been, and now are, being operated on the street.

The complaint charges that the use of the street thus made amounts, in effect, to a confiscation of the highway, making ingress and egress to the properties located thereon difficult, causing undue noise and dust, which interferes with the welfare and comfort of the residents.

The prayers for relief are:

"(b)  That defendants and their agents be individually and collectively enjoined from trafficking and hauling Flat Road, Plymouth, Luzerne County, Pa.

"(c)  That defendants, Roughsedge Brothers, Inc., and Sidney Fewins, and their agents, be enjoined from trafficking on Flat Road, Plymouth, Luzerne County, Pa., in any manner that will interfere with the freedom and access of ingress and egress to the property of plaintiffs and the persons living on the lands abutting Flat Road, Plymouth, Luzerne County, Pa.

"(d) That the proper officials of Plymouth Borough be directed, and a mandatory injunction be granted directing the officials to enact a proper ordinance to protect the residents of Flat Road, Plymouth, Luzerne County, Pa., from the above described illegal, negligent and careless use of Flat Road, Plymouth, Luzerne County, Pa., by any hauler or trucker."

We are not asked to regulate the type or size of the loads carried by the trucks or tractors, nor to restrict the days or hours during which the vehicles may be operated.

The testimony establishes that the interference with ingress and egress to the use of the properties is incidental to the use of the highway by the trucks and tractors of defendants.

The Borough Code confers upon the officials of boroughs power to regulate the roads, streets, lanes and alleys therein: Act of May 4, 1927, P. L. 519, sec. 1202; 53 PS §13313.

The use of the streets may be limited, controlled and regulated by proper municipal action. The management and control of them involves the exercise of legislative and administrative functions: 25 Am. Jur. 545, sec. 253. The regulation of traffic over the streets of a borough is a matter for the public officials (Wilbur et al. v. City of Newton, 301 Mass. 97, 16 N. E. (2d) 86; Livingston v. Wolf, 136 Pa. 519; Walker v. Commonwealth, 40 Pa. Superior Ct. 638) and not for the courts: Sumner County v. Interurban Trans. Co., 141 Tenn. 493, 213 S. W. 412; Perlmutter et al. v. Greene, 259 N. Y. 327, 182 N. E. 5.

We know of no law which confers upon a chancellor authority to determine the type of legislation which shall be enacted by borough officials. For failure to take proper action they are amenable to the electorate but not to the courts.

Therefore, the rule is discharged.