M & M TRANSPORTATION COMPANY *vs.* TOWN OF
WELLESLEY.

Norfolk.     March 7, 1955. — June 30, 1955.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Motor Vehicle*, Traffic regulations, Heavy commercial vehicle.  *Way,*
    Public:  traffic regulations.  *Municipal Corporations*, Highways.
    *Regulation*.  *Words*, "Special regulation."

A regulation which barred from use of a specified highway in a town
    "vehicles" of the heavy commercial type having a carrying capacity
    of more than three tons, and which was adopted by the selectmen at a
    time when the only vehicles of that description using the highway
    were motor vehicles, must be taken to have been aimed at motor
    vehicles, was a "special regulation" of the use of motor vehicles upon
    a particular way within G. L. (Ter. Ed.) c. 90, § 18, as appearing in
    St. 1948, c. 564, § 2, and was ineffective for want of certification of its
    consistency with the public interest by the department of public works
    under that statute.

BILL IN EQUITY, filed in the Supreme Judicial Court for
the county of Norfolk on June 30, 1954.

The suit was reserved and reported by *Williams, J.,*
without decision.

*LaRue Brown,* (*Raymond H. Young* with him,) for the
plaintiff.

*Russell J. Coffin,* for the defendant.

QUA, C.J.   This is a bill by a corporation engaged in the
business of transporting property over the highways to
enjoin the town from enforcing a new traffic regulation
adopted in 1952 by the selectmen, and for a declaration that
the new regulation is invalid.  The case was reported by the
single justice upon the pleadings and an "agreement as to
all the material facts constituting a case stated."

The new regulation, known as § 22 of art. VII, reads,
"The use and operation of heavy commercial vehicles, hav-
ing a carrying capacity of more than three tons are hereby

restricted on the following named streets, during the time set forth.

Washington Street — between Worcester Street and the Wellesley-Newton line, during the twenty-four hour period of each day." There are some "Exemptions" not pertinent to this case.

Material facts agreed are: The plaintiff is required to use the main highways for its motor vehicles. It is "necessary for the efficient and commercial conduct of the plaintiff's business" or of any comparable business to use vehicles of a carrying capacity of more than three tons. Washington Street is a main highway between Wellesley and Newton, on the one hand, and Natick, on the other, and is a part of Route 16 as designated and numbered by the department of public works. No heavy commercial vehicles with a carrying capacity of more than three tons, other than motor vehicles, use the restricted portion of Washington Street, or did use it when the regulation was adopted. At the request of the town the department of public works has posted signs directing truck drivers to use routes 9 and 128. This alternative route is 1.8 miles longer than Route 16. The department has not certified the regulation under G. L. (Ter. Ed.) c. 90, § 18, as "consistent with the public interests."

Numerous statutes relating to the weights of vehicles and similar matters have been cited and commented upon, but we think two of them are determinative of the case. One is G. L. (Ter. Ed.) c. 40, § 22,[1] the material words of which are, "Except as otherwise provided in section eighteen of chapter ninety . . . the board of . . . selectmen may make rules and orders, for the regulation of carriages and vehicles used [in the town] . . . ." The other statute is c. 90, § 18, as appearing in St. 1948, c. 564, § 2, to which reference is made in the statute first mentioned. The material words of § 18 are, " . . . the selectmen . . . may make special regulations as to the . . . use of . . . [motor vehicles] upon particular ways . . . provided, that no such special

---

[1] An amendment by St. 1949, c. 644, § 1, is immaterial in this case.

regulation shall be effective . . . until after the department . . . [of public works] shall have certified in writing, after a public hearing, that such regulation is consistent with the public interests; and no regulation shall be valid which excludes motor vehicles from any . . . main highway leading from any town to another . . . ."

The first of these two statutes is of long standing, its predecessors having been enacted many years before motor vehicles came into use. The predecessors of the second statute originated with St. 1903, c. 473, § 14, shortly after motor vehicles had begun to come into use, and at a time when they were frowned upon in many localities. See *Commonwealth* v. *Newhall*, 205 Mass. 344. This statute has always contained provisions subjecting action taken under it to some degree of control by a State board. The history of this second statute no doubt supplies the reason for the expression "special regulations" as applied to the use of motor vehicles. The question in the case is whether the regulation hereinbefore quoted is such a special regulation.

The regulation is not in terms confined to motor vehicles. It is, however, in actual effect so confined, since the parties have expressly agreed that no vehicles of the kind to which the regulation relates, other than motor vehicles, use the restricted portion of Washington Street or did use it when the regulation was adopted. The regulation must have been aimed at motor vehicles. In *Wilbur* v. *Newton*, 301 Mass. 97, at pages 100–101, we held that a somewhat similar regulation of vehicles having a carrying capacity of more than two tons on Dedham Street in Newton was valid under the authority of G. L. (Ter. Ed.) c. 40, § 22. In that case "Substantially all, if not all," of the vehicles affected were motor vehicles. It did not appear, however, as it does in this case, that literally all vehicles of the type restricted using the street were motor vehicles. That case was decided in 1938. On page 101 we said, "The growing use of motor vehicles for all kinds of traffic has not even yet reached the point where every regulation of vehicles in general terms is to be treated as a special regulation of motor vehicles . . . ." Since that

decision approximately seventeen years have elapsed, and in that time the use of motor vehicles, especially for heavy work, has so increased that it is now agreed that for a carrying capacity of more than three tons none but motor vehicles are or for at least about three years have been used in the part of the street to which the regulation relates. It is plain that motor truck transportation should be subject to some degree of control by some authority representing the interests of the general public and able fairly to weigh those interests against the sometimes just claims of local inconvenience. The statute should be given a practical construction in the light of present conditions.

For these reasons we are of opinion that the regulation in question is one which the Legislature intended should be certified by the department in accordance with G. L. (Ter. Ed.) c. 90, § 18, and that this requirement is not obviated by the theoretical possibility that sometime a team of horses or perhaps oxen might be driven on Washington Street with more than a three ton load. We hold that the regulation is ineffective for lack of a certificate from the department of public works that it is "consistent with the public interests." Whether this regulation affecting only heavy commercial vehicles having a carrying capacity of more than three tons is invalid for the further reason that it is an exclusion of motor vehicles from a main highway leading from one town to another need not be decided.

A decree is to be entered in accordance with this opinion.

*So ordered.*