Robert J. McDowell, J.
In this action for a declaratory judgment, the plaintiff sues to declare the defendant’s sign ordinance and zoning ordinance unconstitutional in respect to and concerning plaintiff’s property (lease — nonconforming signs), and seeking damages in event such subject signs are removed. However, the parties have stipulated in court that the subject signs would not be disturbed by defendant pending a decision of this court. The facts which are set out in the papers as well as received through testimony of the witnesses are as follows z
Commencing in 1922, the plaintiff leased the premises for sign purposes upon which the subject signs are located, such leases having been continued and extended through the years by eight renewals thereof and continue- to be in full force and effect. In 1922, the plaintiff caused to be erected on the above-leased premises the billboards in question and has since maintained said signs which are still in existence -and usable for the purposes of the plaintiff.
The facts clearly indicate that the lease and the erected signs were in existence for many years prior to the enactment of any ordinance in respect to the same.
It should be noted here that the respective attorneys stipulated into the record that the sign ordinance in question was adopted by the defendant and became effective February 15, 1970, and that a later zoning ordinance in respect to nonconforming uses was adopted and became effective July 30, 1971. The facts indicate that the subject signs do come within the purview of the sign ordinance and are, therefore, nonconforming. Section 42-29 subdivision A of the ordinance directs that any nonconforming use may be continued for three years after the effective date of this ordinance, provided that, after the expiration of that period, such nonconforming use shall be terminated and subdivision B indicates that any sign that is now nonconforming by reason of a previous ordinance shall be terminated by January 1, 1973. The facts indicate that a “ Notice *448 of Violation of Town of Brighton Zoning Ordinance ’’was served upon the defendant.
The notice of violation so served indicated that the sign in question is nonconforming and should have been removed January 1, 1973, followed by a description of the premises referred to and indicating the penalties involved.
Plaintiff contends that its sign structures were erected in 1922 under their lease right and have been continuously maintained by the plaintiff in good condition and that such sign structures are an important and material part of the plaintiff’s business having been erected adjacent to a heavily traveled primary road, and do further contend that when erected the structures were legal and permitted in the defendant town. Plaintiff does further assert and contend that the ordinances and the required removal date therein does not relate to the useful life thereof and that no compensation is provided to the owners required to remove such structures pursuant to the ordinance and that such sign ordinances and zoning ordinances are unconstitutional and void in that such ordinances deprive the plaintiff of its property without due process of law without payment for same; denies plaintiff equal protection of the law, does not reasonably relate to the public safety or general welfare of the defendant’s citizens, or not within the delegated authority of the defendant having been pre-empted by statutes of the State of New York and the United States.
Plaintiff further contends that in event during the pendency of this action defendant removes plaintiff’s structure pursuant to the ordinance such would constitute a conversion and unlawful appropriation on the part of the defendant and that in event if such takes place a demand of $20,000 was made as the value of plaintiff’s structures.
Defendant asserts by argument and testimony that the sign ordinances and zoning ordinances are constitutional and argues that such sign and zoning ordinances are a proper and reasonable regulation by and under its police powers.
The court cannot agree with the contention of the plaintiff that the authority of the defendant in respect to the sign ordinance and zoning ordinance has been pre-empted by the statutes of the .State of New York and the United States. After having examined subdivision 9 of section 88 of the Highway Law of the State of New York, the court would determine that this said subdivision actually provides and grants even greater restrictive requirements than the provisions of said section and which subdivision 9 states' : “ Nothing in this section shall be con *449 strued to abrogate or affect the provisions of any other statute, lawful ordinance, regulation pursuant thereto or resolution which are more restrictive than the provisions of this section or the agreement ratified and approved by this section. ’ ’ Although the court would agree that the taking under the ordinance is confiscatory and will be dealt with hereinafter.
Now we come to the constitutional question concerning the police power as mandated and provided for in the sign and zoning ordinances.
It is apparent that the main thrust of the sign and zoning ordinances of defendant was not only to regulate accessory signs but to prohibit nonaccessory signs in the entire township.
The exhibits and papers before the court do not contain any justification for the prohibition of nonaccessory signs under the police powers concerning public safety and welfare. However, the testimony given by Officer Printy points up the existence of a traffic hazard by the signs in question. The plaintiff readily admits that the within signs are located adjacent to Highway Route No. 15 and in close proximity to a traffic light controlled intersection and that such highway carries many thousands of cars daily.
After considering many cases involving the constitutional rights and powers of municipalities in regulating and controlling signs, it becames clear that aesthetic considerations is an open and unsettled issue as well as public safety and welfare under police powers. (People v. Rubenfeld, 254 N. Y. 245; Perlmutter v. Greene, 259 N. Y. 327; New York State Thruway Auth. v. Ashley Motor Court, 10 N Y 2d 151; People v. Stover, 12 N Y 2d 462; and Matter of Cromwell v. Feffier, 19 N Y 2d 263.)
In view of the many decisions the courts have rendered over the years determining the constitutional powers of municipalities pertaining to signs, I am of the opinion that the defendant in this matter has the right to control and/or prohibit signs not in existence at the time of the enactment of the ordinance under its police power in concert with aesthetic reasons.
Now the court would here address itself to the issue of the taking of property without due process of law by ordering its removal and termination without just compensation.
The evidence and exhibits indicate without question that the signs sought to be removed through defendant’s sign and zoning ordinances were in existence since the year 1922 and continue to the present date. It is equally- clear under defendant’s ordinances that the signs are nonconforming and were made and declared nonconforming pursuant to defendant’s sign and zon *450 ing ordinance. . Under the present law generally nonconforming uses are allowed to continue except if discontinuance is necessary under urgent public safety and welfare mandates and normally (proof in this case does not indicate its urgency under public welfare and safety) cease only under conditions named in the ordinance such as discontinuance of the use which was nonconforming or the building being removed or destroyed by fire or otherwise.
The court would agree with the contention of the plaintiff that the outdoor advertising structures as well as the lease of the lands upon which the structures are erected are an interest in real estate. The court would further agree with the plaintiff that if the advertising structure and lease were taken pursuant to the power of eminent domain, compensation would have to be paid therefor. (Whitmier & Ferris Co. v. State of New York, 12 A D 2d 165 and Schulman v. People, 11 A D 2d 273, 274.)
Normally nonconforming structures are allowed along with normal maintenance or repairs. Here we have a sign and a zoning ordinance which seeks to eliminate a right in real estate shorter than its normal period of use by declaring that same may be continued for three years for the purpose of permitting amortization of the remaining value, and any sign that is now (July 30, 1971) shall be terminated by January 1, 1973.
It is apparent to this court that the signs in question possess considerable value; $3,000 to $3,500 by testimony of Mr. Mahoney, not considering the value of the lease right and the income therefrom as of the date (January 1, 1973) same were to be removed and terminated. It is also clear that the defendant, by its ordinances, did in a technical way take the signs of plaintiff — though not for public use but with the removal of same precluded plaintiff from the use and income therefrom without just compensation therefor.
The court would conclude that the sign and zoning ordinances in respect to the subject signs in this case are unconstitutional pursuant to the Constitution of the State of New York as well as the Constitution of the United States by reason of the taking property of the plaintiff without due process of the law and without just compensation therefor.
Plaintiff is, therefore, entitled to a declaratory judgment in accordance with this decision. That the sign and zoning ordinances are unconstitutional for the reasons hereinbefore indicated.